# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA   JAN 0 6 2010
ATLANTA DIVISION

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

| | |
|---|---|
| KIMBERLY-CLARK CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) **1 10-CV-0034** ) |
| CARDINAL HEALTH 100, INC., CARDINAL HEALTH 105, INC., CARDINAL HEALTH 110, INC., CARDINAL HEALTH 113 LLC, CARDINAL HEALTH 200, INC, CARDINAL HEALTH 411, INC., CARDINAL HEALTH 412, INC., CARDINAL HEALTH 414, INC., CARDINAL HEALTH 414 LLC, and CARDINAL HEALTH 5 LLC, | ) ) Jury Trial Requested ) ) **CAP** ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, KIMBERLY-CLARK CORPORATION ("Kimberly-Clark" or

"Plaintiff"), for its complaint against CARDINAL HEALTH 100, INC.,

CARDINAL HEALTH 105, INC., CARDINAL HEALTH 110, INC.,

CARDINAL HEALTH 113 LLC, CARDINAL HEALTH 200, INC., CARDINAL

HEALTH 411, INC., CARDINAL HEALTH 412, INC., CARDINAL HEALTH 414, INC., CARDINAL HEALTH 414 LLC, AND CARDINAL HEALTH 5 LLC (collectively "Cardinal" or "Defendants"), states as follows:

## PARTIES

1. Kimberly-Clark is a Delaware corporation headquartered in Irving, Texas. Global headquarters for Kimberly-Clark's Health Care business unit is located at 1400 Holcomb Bridge Road, Roswell, Georgia 30076.

2. Upon information and belief, Cardinal Health 100, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Dublin, Ohio, and is the ultimate parent of Cardinal Health 100, Inc., Cardinal Health 105, Inc., Cardinal Health 110, Inc., Cardinal Health 113 LLC, Cardinal Health 200, Inc., Cardinal Health 411, Inc., Cardinal Health 412, Inc., Cardinal Health 414, Inc., Cardinal Health 414 LLC, and Cardinal Health 5 LLC (the "Subsidiaries"). Cardinal Health 100, Inc. may be served with process on its registered agent, Corporate Service Company at 40 Technology Parkway South, No. 300, Norcross, Georgia, 30092. Each of the Subsidiaries may also be served with process through Corporate Service Company at 40 Technology Parkway South, No. 300, Norcross, Georgia, 30092.

## JURISDICTION AND VENUE

3. Upon information and belief, Cardinal markets, sells and distributes products in the State of Georgia and actively conducts business directly and through its subsidiaries in the State of Georgia and within this judicial district.

4. This Court has personal jurisdiction over Defendants.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121(a) and 1125(a) and 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

### Kimberly-Clark's Health Care Safety and Protection Business

7. Kimberly-Clark is a global consumer products corporation that manufactures tissue, personal care and health care products sold throughout the United States and in more than 150 countries. Kimberly-Clark's Health Care business unit manufactures, markets and sells health and hygiene products including surgical gowns, drapes, sterilization wraps, masks, and other disposable medical products and medical fabrics used in such products.

8. Kimberly-Clark's surgical gowns and drapes are made using a spunbonded/meltblown/spunbonded ("SMS") composite fabric, which is a non-woven composite fabric made from polypropylene. The fabric is comprised of

three layers, including two outer spunbonded layers that provide strength and durability.

9. Kimberly-Clark has devoted considerable time and resources in developing and marketing its surgical gown products and the fabric used to create these products, and in building the reputation and goodwill surrounding the Kimberly-Clark brand and its surgical gown products.

10. Kimberly-Clark has become the leader in the surgical gown market through demonstrating its product performance across critical attributes such as fluid resistance and physical strength (tear resistance).

11. In 1998, Kimberly-Clark developed, manufactured, marketed and sold the first breathable, fully impervious surgical gowns, meeting ASTM 1670 and ASTM F1671 standards, in the industry. At all times since 1989, Kimberly-Clark has manufactured, marketed and sold a line of breathable, fully impervious surgical gowns meeting these recognized standards.

12. Consumers of surgical gowns consider several factors when making purchasing decisions, including the level of barrier protection a gown provides against bodily fluids, the comfort of the gown and ease of use.

13. The barrier protection characteristics of surgical gowns, including their fluid resistance, physical strength and breathability, are significant

considerations for consumers of these products because exposure to blood-borne pathogens and bacterial or viral contamination present a serious risk in the surgical environment.

14. One Kimberly-Clark brand of surgical gowns is known as the KC400 MicroCool Breathable Impervious Surgical Gown (the "MicroCool Brand").

15. Kimberly-Clark tests the fluid resistance of its MicroCool brand surgical gowns using ASTM F1670 and ASTM F1671 standardized testing. These tests are standard test methods for fluid and viral/bacterial resistance of materials used in protective clothing. Kimberly-Clark's MicroCool brand surgical gowns pass both tests and are properly characterized, and marketed, as breathable, fully impervious surgical gowns.

Cardinal's Business and False, Deceptive, and Misleading Advertising

16. Cardinal is a consumer products corporation that manufactures, markets and sells consumer products and services for a variety of markets, and is a direct competitor of Kimberly-Clark in the health and hygiene market. Cardinal's health and hygiene products include surgical gowns, drapes, masks and other medical garments.

17. Cardinal markets and sells surgical gowns that compete with Kimberly-Clark's MicroCool surgical gowns, under the brand name SmartGown

which Cardinal markets as a fully impervious, breathable surgical gown purportedly based upon the gown's passing ASTM F1670 and ASTM F1671 standardized testing.

18. Cardinal is also a nationwide reseller of certain Kimberly-Clark health and hygiene products, including surgical gowns.

19. On information and belief, Cardinal recently began disseminating advertisements and promotional materials addressing the barrier resistance and breathability of surgical gowns contending that its SmartGown is "the only breathable, fully impervious surgical gown in the industry."

20. The advertisements and promotional materials disseminated by Cardinal include a brochure entitled "The only breathable, fully impervious surgical gown in the industry," (hereinafter "Cardinal's Brochure" or the "Advertising Materials," a true and correct copy of which is attached as Exhibit A), which repeatedly and falsely touts the SmartGown as the only fully impervious, breathable surgical gown available to consumers.

21. The Advertising Materials are false, misleading and deceptive and create a false, misleading and deceptive impression that Kimberly-Clark MicroCool brand gowns are not breathable and fully impervious gowns based on

ASTM standardized testing, and that the Cardinal SmartGown is the only breathable, fully impervious surgical gown in the industry.

22. Cardinal is disseminating the Advertising Materials to consumers and potential consumers of health and hygiene products, including customers and potential customers of Kimberly-Clark's surgical gowns.

23. Consumers of surgical gowns and drapes are likely to be deceived by the false, deceptive, and misleading claims made in Cardinal's Advertising Materials.

24. Cardinal's conduct is causing irreparable harm to Kimberly-Clark's reputation and the reputation of its surgical gown products. Cardinal's false, deceptive, and misleading claims taint the Kimberly-Clark brand name and the reputation of its surgical gown products and thereby compromise Kimberly-Clark's ability to effectively market and sell these products in the future.

25. On information and belief, Cardinal has engaged in the conduct at issue intentionally, willfully, and maliciously with knowledge that the claims being made are false, deceptive, and misleading and with the intention to harm Kimberly-Clark and to deceive consumers.

## COUNT I
## LANHAM ACT § 43(a)(1)(B)
## FALSE ADVERTISING BY CARDINAL

26.  Kimberly-Clark repeats and re-alleges the averments contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.  Both Kimberly-Clark's and Cardinal's surgical gowns are sold in interstate commerce.

28.  Cardinal's Advertising Materials are false, deceptive, and misleading.

29.  Cardinal's false, deceptive, and misleading advertising is likely to deceive consumers of surgical gowns.

30.  Cardinal's false, deceptive, and misleading advertising is likely to influence customers' decisions in purchasing surgical gowns and, hence, materially affects purchasing decisions.

31.  Cardinal's false, deceptive, and misleading advertising has caused and will continue to cause irreparable harm to Kimberly-Clark. Unless Cardinal is enjoined from continuing the aforementioned unlawful acts, Kimberly-Clark will suffer irreparable harm.

32.  As a direct and proximate result of Cardinal's false, deceptive, and misleading advertising, Kimberly-Clark has suffered damages in an amount to be determined at trial.

33. Cardinal's false, deceptive, and misleading advertising and promotion in interstate commerce constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Kimberly-Clark is entitled to preliminary and permanent injunctive relief to prevent damage to Kimberly-Clark and to prohibit Cardinal from further violations of Section 43(a) of the Lanham Act.

35. Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Kimberly-Clark is entitled to monetary damages, corrective advertising costs, Cardinal's profits, costs, and prejudgment interest.

36. This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling Kimberly-Clark to recover its attorneys' fees and up to three times its actual damages.

37. Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Kimberly-Clark is entitled to a destruction order requiring all advertisements in Cardinal's possession bearing the false, deceptive, or misleading descriptions or representations be delivered up and destroyed.

## COUNT II
## VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICE ACT (O.C.G.A. § 10-1-372)

38. Kimberly-Clark repeats and re-alleges the averments contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Through Cardinal's aforementioned advertising activities, Cardinal is representing that its surgical gowns have characteristics, uses or benefits that they do not have.

40. Through Cardinal's aforementioned advertising activities, Cardinal is representing that Kimberly-Clark's surgical gowns have characteristics that they do not have.

41. Through Cardinal's aforementioned advertising activities, Cardinal is disparaging Kimberly-Clark's surgical gowns and drapes by making false or misleading factual representations.

42. Cardinal has disseminated the Cardinal Advertising Materials, containing false, deceptive and misleading representations to the public with the intent to sell, distribute or increase consumption of its surgical gowns. Kimberly-Clark has suffered pecuniary loss because of Cardinal's Advertising Materials.

43. Cardinal's false, deceptive, and misleading advertising and promotional activities violate the Georgia Uniform Deceptive Trade Practice Act, O.C.G.A. § 10-1-372.

44. Cardinal's deceptive advertising practices have been intentional and willful.

45. Unless Cardinal is enjoined from continuing its unlawful activities, Kimberly-Clark will suffer irreparable harm.

46. Pursuant to O.C.G.A. § 10-1-372, Kimberly-Clark is entitled to preliminary and permanent injunctive relief as well as attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) The Court enter judgment that Cardinal has engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and has engaged in deceptive advertising practices in violation of O.C.G.A. § 10-1-372.

(b) On Count I, damages; corrective advertising costs; disgorgement of Cardinal's profits; enhanced damages; attorneys' fees; costs; prejudgment interest; preliminary and permanent injunctive relief prohibiting Cardinal from further

violations of the Lanham Act, including an order directing Cardinal to file with the Court and serve on Kimberly-Clark within thirty days after entry of the injunction a written report, under oath, setting forth in detail the manner and form in which Cardinal has complied with the injunction; and a destruction order requiring that Cardinal deliver up and destroy all advertising and promotional materials deemed false, deceptive, and misleading.

(c)  On Plaintiff's Second Claim for Relief, preliminary and permanent injunctive relief prohibiting further violations of O.C.G.A. § 10-1-372, attorneys' fees, and costs.

(d)  An award of Plaintiff's costs and expenses.

(e)  On each of Plaintiff's claims for relief, such further and other relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this __6th__ day of January, 2010.

_____
Christopher P. Galanek
Georgia Bar No. 282390
Margaret M. Kane
Georgia Bar No. 330531

**BRYAN CAVE POWELL GOLDSTEIN**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

                                      Attorneys for Plaintiff
                                      Kimberly-Clark Corporation

6037097

## VERIFICATION

STATE OF GEORGIA

COUNTY OF FULTON

     Before me, the undersigned authority in and for said County and State, personally appeared, Judson Boothe, Marketing Director for the Plaintiff, Kimberly-Clark Corporation, who being by me first duly sworn, deposes and says under oath that the factual averments set forth in the Complaint are true and correct to the best of his knowledge, information and belief.

                                                   _____
                                                   Judson Boothe

Sworn to and subscribed before me
This 5th day of January, 2010

_____
Notary Public
My Commission expires:
07/01/2012
[AFFIX NOTARY SEAL]



## Local Rule 7.1(D) Certification of Compliance

I hereby certify that the foregoing motion has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

_____
Christopher P. Galanek
Georgia Bar No. 282390