**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **KIMBERLY-CLARK CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:10-cv-34-CAP** |
| | ) | |
| **CARDINAL HEALTH 200, LLC f/k/a CARDINAL HEALTH 200, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**KIMBERLY-CLARK'S MOTION TO EXCLUDE
THE SURVEY AND TESTIMONY OF MOHAN RAO**

Pursuant to Federal Rules of Evidence 702 and 403, Kimberly-Clark Corporation ("Kimberly-Clark") moves to exclude the consumer survey and related testimony by Mohan Rao, Ph.D, an economist proffered by Cardinal Health 200, LLC ("Cardinal") as a consumer survey research expert.

Dr. Rao is not an expert in the field of consumer survey research. He is a damages expert who has in the past used the surveys of others to bolster his damages opinions. Apparently, he now believes his experience using the surveys of others qualifies him to design his own consumer surveys. At deposition, Dr. Rao exaggerated his consumer survey design experience in litigation matters so significantly that such testimony could be considered untruthful.

1

Apart from Dr. Rao's insufficient qualifications, universally accepted treatises in the field of consumer survey research (including those accepted by Dr. Rao) and the expert reports of Dr. Bernhardt and Mr. Hollander (both of whom this Court has accepted as consumer survey experts), confirm the Rao Survey contains numerous, material flaws rendering its results unreliable.  One of the most serious flaws is the severely leading nature of the questions that were ostensibly intended to test consumers' understanding of the meaning of "impervious" with regard to surgical gowns.  Rather than ask respondents to provide their understanding of "impervious" or to describe the message they took from an advertisement at issue, the Rao Survey recited Cardinal's litigation position in the form of a question and prodded respondents to agree with it.  Mr. Hollander, who has designed over 3,000 consumer surveys and has led his own consumer research company since 1973, described Dr. Rao's questions as "the most biased and improper" he could recall.  The responses to such improper questions have no probative value, and this alone warrants the exclusion of the Rao Survey and Dr. Rao's related testimony.

In addition to leading respondents to provide Cardinal's desired responses, the Rao Survey contains countless other material flaws, including:  (1) surveying an improper population, (2) biasing respondents toward a meaning of impervious, (3) steering respondents to identify "barrier protection" as more important than

other surgical gown features, (4) failing to replicate market conditions and employ controls, and (5) failing to screen, properly instruct, and validate respondents.  The unreliable survey design and questions predictably yielded unreliable results. Nevertheless, Dr. Rao used those unreliable results to conclude that 57% (what he calls the "switch rate") of the relevant universe would have purchased Cardinal's gown instead of Kimberly-Clark's gown but for the alleged false advertising, resulting in Cardinal allegedly losing profits of between **$34 and $55 million**.

Dr. Rao's switch rate is profoundly unsound.  Only 59 of the 485 people Dr. Rao initially surveyed said they would, hypothetically, switch gowns, a number so small that it cannot fairly be relied upon to represent the views of the over 1.7 million people that Dr. Rao identified as making up the relevant population.  Dr. Rao also makes the ridiculous assumption that each of the 59 people who said they would switch gowns actually had the power to cause their hospital to do so.  There is no evidence showing that even a single one had such power, and Dr. Rao knows that numerous people contribute to the purchasing decision of surgical gowns, so he knows his assumption is false.

Even accepting that the results of the Rao Survey are reliable (which they are not), Dr. Rao's 57% figure is massively overstated, as Dr. Bernhardt demonstrates.  Rather than calculate the switch rate using the universe Dr. Rao

himself defined as relevant, *i.e.*, users and purchasers of surgical gowns, he narrowed his universe to only users and purchasers of Kimberly-Clark's MicroCool® KC-400 gown.  Had Dr. Rao used the universe he defined as relevant, the "switch rate" would have been only 14 percent for surgical staff and 22 percent for procurement personnel, which correction along with other corrections deemed necessary by Kimberly-Clark's damages expert, James Malackowski, drastically reduces Cardinal's alleged lost profits to approximately $65,000.

These arguments are presented in detail in the contemporaneously-filed memorandum of law in support of Kimberly-Clark's motion.

Respectfully submitted this 11th day of February, 2013.

**/s/ Ryan T. Pumpian**

| | |
|---|---|
| Christopher P. Galanek | J. Bennett Clark |
| Georgia Bar No. 282390 | ben.clark@bryancave.com |
| chris.galanek@bryancave.com | (*Admitted pro hac vice*) |
| Ryan T. Pumpian | BRYAN CAVE LLP |
| Georgia Bar No. 589822 | One Metropolitan Square |
| ryan.pumpian@bryancave.com | 211 North Broadway, Suite 3600 |
| Damon J. Whitaker | St. Louis, Missouri 63102 |
| Georgia Bar No. 752722 | Tel:  (314) 259-2000 |
| damon.whitaker@bryancave.com | Fax:  (314) 259-2020 |
| BRYAN CAVE LLP | |
| One Atlantic Center, Fourteenth Floor | |
| 1201 West Peachtree Street, N.W. | |
| Atlanta, Georgia 30309-3488 | |
| Tel:  (404) 572-6600 | |
| Fax:  (404) 572-6999 | |

*Attorneys for Kimberly-Clark Corporation*

## **Local Rule 7.1(D) Certification of Compliance**

I hereby certify that the foregoing pleading has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

**/s/ Ryan T. Pumpian**
Georgia Bar No. 589822


## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on February 11, 2013 a true and correct copy of the foregoing **KIMBERLY-CLARK'S MOTION TO EXCLUDE THE SURVEY AND TESTIMONY OF MOHAN RAO** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

**/s/ Ryan T. Pumpian**
Georgia Bar No. 589822


#6269207_1